Per Curiam.

The plaintiffs commenced a suit in the circuit court of Warren county, against the defendants, upon a promissory note made by them, and payable to the plaintiffs. A writ was issued against all the defendants, directed to the sheriff of Warren county, and at the same time a duplicate issued to the sheriff of Hinds county. The writ to the sheriff of Warren was returned not found as to all the defendants: the duplicate sent to the sheriff of Hinds was returned executed on all the defendants. Upon the return of the writs to court, a judgment by default was taken, which on a sub *426 sequent day of the term was set aside, and the cause dismissed for the want of jurisdiction. This was done on the affidavit of a part of the defendants, that at the time of. the institution of the suit, they as well as all the other defendants, were resident citizens of Hinds county, and were at the date of the affidavit.
The objection to the judgment of the court below is two-fold: 1st. That the affidavit of the defendants, shows no excuse for not pleading to the action in time, and shows no merits. 2d. And that the proper order of the court was to change the venue merely.
The question which properly arises on the facts contained in tire record, is one of jurisdiction. For if the court had jurisdiction, then the objections against the judgment as above stated, must prevail. The question is readily decided. The statute provides that the defendant in a transitory action may be sued in the circuit court of the county in which he may be found, and enacts that if a freeholder be sued out of the county of his residence and freehold, the venue may be changed by order of the court. The facts in this case show that neither of the defendants were found in Warren county, since the sheriff of that county returned a non est as to alL of them. Was it a case then that authorized the issuance of a duplicate writ under the statute ? ft clearly was not, since the defendants all resided in the same county; and a duplicate is only allowable when they reside in different counties. The proceeding in this case resembles more the issuance of a tes-tatum capias to Hinds. But the writ cannot be sustained as a testatum, for many reasons. It issued at the same time with the writ to the sheriff of Warren county, and it also appears that the defendants were all residents of Hinds at the time the suit was begun in Warren. Whereas a testatum only issues after a return of non est inventus, and when it is made to appear that the defendant has gone into another county. How. & Hutch. Dig. p. 582, sec. 23.
Let the judgment be affirmed.